PETITION OF ALEXANDRE BUZENAC *et al.* FOR AN OPINION.

JANUARY 10, 1930.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Barrows, and Murdock, JJ.

RATHBUN, J. The parties, having adversary interests in a question involving the construction of a deed, have con-

curred in stating such question in the form of a special case for the opinion of this court.

Buzenac, while owner in fee of the premises described in the petition, executed a certain instrument purporting to convey an interest in said premises to his wife. Thereafter the wife died intestate without having made any conveyance of said interest.

After the death of his wife Buzenac entered into a written contract with petitioner Lisabelle for the sale and purchase of said premises. Lisabelle because of certain alleged defects in the title has refused to perform his part of the contract; he agreed, however, to accept a deed and pay the purchase price provided it shall appear that Buzenac can convey a marketable title. The answer to the question presented depends upon the legal effect of said deed from Buzenac to his wife. The granting clause in said deed is as follows: "Now, in consideration of one dollar and other good and valuable considerations to me paid by my wife, Adele Buzenac, the receipt whereof is hereby acknowledged, do hereby grant and convey to my said wife Adele Buzenac equal right, title and interest unto the above described premises, with all the privileges and appurtenances unto the use of both of us as joint tenants and not as tenants in common."

The questions submitted are as follows: (1) Did the deed from said Buzenac to his wife create a joint tenancy as between said Buzenac and his wife? (2) Did said Buzenac become seized and possessed of said premises in fee simple upon the death of his said wife?

Section 20, Chap. 297, G. L. 1923, provides as follows: "Sec. 20. In deeds hereafter made, lands, tenements, and hereditaments, or a thing in action, may be conveyed by a person to himself jointly with another person by the like means by which it might be conveyed by him to another person; and may in like manner, be conveyed by a husband to his wife and by a wife to her husband, alone or jointly with another person."

In *Lawton* v. *Lawton*, 48 R. I. 134, it was held that said section authorizes a conveyance by a husband to himself and his wife as joint tenants.

We can well imagine that it was the intention of Buzenac in executing said deed, to convey the whole of said premises to himself and wife as joint tenants. It should be noted, however, that said clause purports to convey only an "equal right, title and interest" to the wife "unto the use of both of us as joint tenants".

The question arises whether the grantor in granting and conveying an "equal right" conveyed more than a one half undivided interest in said premises. It will be unnecessary to determine this question as it is unimportant for our consideration whether the deed carried the whole of the premises or only a one half interest therein. Whatever interest he failed to convey he retained and still has.

The habendum clause in said deed is as follows: "unto the use of both of us as joint tenants and not as tenants in common." It is clear that the grantor, by using the words "both of us", intended to designate himself and his wife. It thus appears that the habendum clause provided that the grantee take to the use of herself and husband as joint tenants. The Statute of Uses immediately converted the use for the husband's benefit into a legal estate and the effect of the conveyance and the operation of the Statute of Uses was to transfer to the grantor and his wife as joint tenants whatever portion or portions of said premises the deed conveyed. See *Sullivan* v. *Chambers*, 18 R. I. 799; *Matteson* v. *Brown*, 33 R. I. at 352; Tiffany Real Property, 2nd ed. Vol. 1, 347.

Although the deed does not contain the word "heirs" the grant is not for that reason limited to a mere estate for life. The deed contains no such limitations, and Section 11, Chap. 297, G. L. 1923 as amended by Sec. 2, Chap. 839, P. L. 1926, provides that: "Any form of conveyance in writing, duly signed and delivered by the grantor, or the attorney of the grantor duly authorized, shall be operative to convey

to the grantee all the possession, estate, title and interest, claim, demand or right of entry or action, of the grantor, absolutely in and to the land conveyed, unless otherwise expressly limited in estate, condition, use or trust, and if otherwise expressly limited, shall convey such property for the time or estate or on the condition, use or trust as declared . . . ".

The first question propounded for our determination we have already answered. The second question we answer in the affirmative.

*Woolley & Blais*, for Buzenac.
*Ambrose Choquet*, for Lisabelle.